UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,        Case No. 2:22-cr-03

  vs.          GOVERNMENT'S INITIAL PRETRIAL
             CONFERENCE SUMMARY STATEMENT

BRADFORD PAUL STORTI,

  Defendant.    /

**I. DISCOVERY**

A. Statements of Defendant

  1. Oral Statements [Rule 16(a)(1)(A)]

  ☐ There are no written records of oral statements or other oral statements as defined in Rule 16(a)(1)(A).
  ☒ There are the following written records of oral statements: statement given to Marquette County Sheriff's Office Detective Jason Hart on April 30, 2020.
    the substance of which
    ☒ has been disclosed to defense counsel
    ☐ will be disclosed to defense counsel by _____.

  2. Written or Recorded Statements [Rule 16(a)(1)(B)]

  ☐ There are no written or recorded statements or grand jury testimony of defendant.
  ☒ There are the following written or recorded statements or grand jury testimony: audio recording of statement to MCSO Detective Jason Hart on April 30, 2020.

    All written or recorded statements
    ☒ has been disclosed to defense counsel
    ☐ will be disclosed to defense counsel by _____.

B. Defendant's Prior Record [Rule 16(a)(1)(D)]

☐ The government has made due inquiry and is not aware of any prior criminal record.
☒ The government has disclosed defendant's prior criminal history.
☐ The government is now making inquiry into defendant's prior criminal history. The results will be disclosed to defense counsel upon receipt.

C. Documents and Tangible Objects [Rule 16(a)(1)(E)]

☐ The government has no documents, tangible objects, or physical evidence required to be disclosed.

☒ The government has the following documents, tangible objects, and physical evidence:
☐ Controlled Substances:
☐ Drug Paraphernalia:
☒ Records: <u>certified felony conviction records from U.S. District Court, Western District of Michigan and State of Michigan, Marquette County</u>.
☐ Drug Records:
☐ Firearms:
☐ Inventory (attached)
☒ Other: <u>HP Pavilion laptop computer and associated Seagate hard drive, Samsung Galaxy J5 cell phone and photos (non-CSAM) of young boys recovered from phone, audio recording of interview with defendant, photographs taken at search warrant execution, CSAM images and videos.</u>

☒ The government voluntarily notifies the defendant of the following search warrants issued and the warrant returns:
☒ State: 96th Judicial District, State of Michigan, No. 2015200160, dtd April 30, 2020
☐ Federal (list case number and caption)

☒ They have been made available for inspection and copying by defense counsel.
☐ Defense counsel should make arrangements with undersigned government counsel.

D. <u>Reports of Examinations and Tests [Rule 16(a)(1)(F)]</u>

☐ The government has no reports of examinations or tests required to be disclosed by Rule 16.
☒ The government has or expects to have reports of the following examinations and tests:

☐ Drug Analysis   ☐ Handwriting        ☐ Fingerprints
☐ DNA             ☐ Firearms/Nexus     ☐ Gun Operability
☒ Computer Forensics/cell phone forensics   ☐ Other:

E. <u>Reciprocal Discovery</u>

☒ The government seeks reciprocal discovery.

F. <u>Notice Under FRE 404(b)/414</u>

☐ The government does not presently intend to introduce 404(b) evidence.
☒ The government does presently intend to introduce the following 404(b)/414 evidence: evidence of defendant's past admissions that he had searched for and possessed CSAM.
☐ The government will provide pretrial notice of 404(b) evidence by: _____.

<u>Notice Under FRCP 16(a)(1)(G)</u>: The government hereby provides notice of its intent to call Dr. Francis Darr as an opinion witness under FRE 702 as a pediatrician to testify about the age of the children depicted in the CSAM images and videos listed in the indictment. The government also intends to call former Michigan State Police Computer Crimes Unit analyst Jeffrey Martin as an opinion witness under FRE 702 in the field of computer forensic analysis to testify about the Axiom forensic software extractions he performed on the HP laptop and

associated Seagate hard drive, as well as the Samsung cell phone.  Finally, the government intends to call HSI Computer Forensics Agent Chad Cable as an opinion witness under FRE 702 in the field of computer forensic analysis to testify about the Cellebrite forensic software extraction he performed on the Samsung cell phone.

G. <u>Other Discovery Matters</u>:  None.

**II. <u>TRIAL</u>**

    A. The government requests a ☒ jury   ☐ non-jury trial.

    B. Length of trial excluding jury selection is estimated at 1.5 - 2 days

**III. <u>MISCELLANEOUS</u>**

☐ This case may be appropriate for expedited resolution.
☒ The government is unaware at this time of any known conflict with defendant's representation by counsel.  The United States will immediately advise counsel if any such conflict becomes known.
☐ The government is aware of the following potential conflict(s):
☒ Government's plea negotiation policy: provided via separate correspondence.

Date: April 21, 2022

                                                                                        <u>Paul D. Lochner</u>
                                                                                        Assistant United States Attorney