UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 2:22-cr-03

v.                                                Hon. Hala Y. Jarbou
                                                      Chief United States District Judge

BRADFORD PAUL STORTI,

        Defendant.
_____/

## JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE OF TRIAL DATE

The United States of America by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan and Paul D. Lochner, Assistant United States Attorney, and Defendant, by and through his attorney, Glenn T. Sarka, hereby stipulates to the entry of an order for an ends-of-justice continuance of the trial date in this case. In support of this motion, the parties state:

### Procedural History

On March 22, 2022, a federal grand jury returned an indictment against Defendant charging him with attempted possession and possession of child pornography contrary to 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (R.12: Indictment, PageID.29-33.) Defendant was arraigned on April 14, 2022, and stood mute to the charge. (R.19: Minutes, PageID.39.) A not guilty plea was entered on Defendant's behalf and an ends-of-justice continuance was granted based upon Defendant's motion. (*Id.*; R.20: Order, PageID.40.)

At the initial pretrial conference on May 9, 2022, the parties agreed to set the trial date on September 26, 2022 before United States District Judge Paul L. Maloney. (R.24: Minutes,

PageID.46.; R. 25: Order, PageID.47.)  On June 14, 2022, Defendant advised the court that he was in the process of obtaining expert witnesses to review the alleged child sexually abusive material in the fields of pediatric medicine and computer forensics.  (R.29: Minutes, PageID.52.)  At a follow-on status conference held on July 12, 2022, Defendant advised the court that he had identified two prospective expert witnesses and was in the process of submitting their budget estimates to the court for approval.  Recognizing the logistic and time constraints involved in getting the expert witness contracts in place, the review of materials and provision of reports to the parties, and the need to afford the parties the time to review the reports and, if necessary, file a timely Daubert challenge, the court suggested that the parties could file a joint request or stipulation to adjourn the currently-scheduled September trial date.  (R.31: Minutes, PageID.54.)

The parties have discussed the issues involved with the defense expert review of the alleged child sexually abusive material, including the entry of a protective order, the provision of the materials to the experts, the drafting of reports summarizing the experts' opinions, and review of those reports.  These reports may well have an impact on potential plea negotiations and resolution of the case.  Recognizing this, the parties hereby jointly request an ends-of-justice continuance of the September 26, 2022, trial date to facilitate expert review of the materials and meaningful discussions on potential resolution of the case.

**Legal analysis**

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court may, "at the request of the defendant or his counsel or at the request of the attorney for the government" grant a continuance and exclude from speedy trial calculation any period of delay on the basis of the court's findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The court may base its decision upon a number of factors, including

"whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" (§ 3161(h)(7)(B)(i)); "…that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [speedy trial] time limits established by this section" (§ 3161(h)(7)(B)(ii)); or "failure to grant a continuance … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  (§ 3161(h)(7)(B)(iv))

In this case, the parties aver and agree that they have acted with due diligence in the provision of discovery, review of investigative materials, and identification and retention of expert witnesses.  A continuation of the trial date would facilitate defense expert review of materials, preparation of reports, and the review of those reports while allowing for adequate time to file any anticipated Daubert challenges and engage in meaningful plea negotiations.

**Conclusion**

For all the reasons set forth above, the parties respectfully request this Court grant an ends-of-justice continuance to an open date.  The parties further request this Court set periodic status conferences to keep the Court apprised of the progress of the defense expert review as well as any negotiated resolution of the case.

                                       Respectfully submitted,

                                       MARK A. TOTTEN
                                       United States Attorney

Dated: July 22, 2022               */s/ Paul D. Lochner*
                                       PAUL D. LOCHNER
                                       Assistant United States Attorney
                                       1930 U.S. Hwy. 41 West
                                       Marquette, MI  49855
                                       (906) 226-2500


                                      */s/ Glenn T. Sarka*          (with permission)
                                       GLENN T. SARKA
                                       Attorney for Defendant